J-S14035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAMIEN SMITH, | : | |
| | : | |
| Appellant | : | No. 2220 EDA 2014 |

Appeal from the Judgment of Sentence entered on June 26, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0408221-1999;
CP-51-CR-1207251-1998

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 09, 2015**

Damien Smith ("Smith") appeals from the judgment of sentence entered following the revocation of his parole/probation.  Counsel for Smith has filed a Petition to Withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw and affirm Smith's judgment of sentence.

In its October 1, 2014 Opinion, the trial court set forth the lengthy procedural history underlying the instant appeal, which we adopt for purposes of this appeal.  ***See*** Trial Court Opinion, 10/1/14, at 1-4.

In counsel's ***Anders*** Brief, the following claims are presented for our review:

1.  Did the lower court err in revoking [Smith's] probation?

2. Was [Smith's] sentence legal?

*Anders* Brief at 3.

This Court may not address the merits of the issues raised by the appellant on appeal without first reviewing counsel's request to withdraw from representation. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). Therefore, we review counsel's Petition at the outset.

Our Supreme Court's decision in *Santiago*, *supra*, did not alter the procedural requirements counsel must satisfy in requesting to withdraw from representation. Counsel must (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's Petition to Withdraw states that she reviewed the record and concluded that the appeal is frivolous. Petition to Withdraw at ¶ 1. Additionally, counsel notified Smith that she was seeking permission to withdraw and furnished Smith with copies of the Petition and *Anders* brief, and advised Smith of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. *See id.* at ¶ 2. Accordingly, counsel has satisfied the procedural requirements of *Anders*.

We next determine whether counsel's **Anders** brief meets the substantive dictates of **Santiago**. According to **Santiago**, in the **Anders** brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Here, the Petition to Withdraw states that counsel notified Smith that she is seeking permission to withdraw, furnished Smith with copies of the Petition and **Anders** brief, and advised Smith of his right to retain new counsel or proceed *pro se*, to raise any points he believes worth of this Court's attention. **See** Petition to Withdraw at ¶ 2. Counsel's **Anders** Brief provides the facts and procedural history of the case. **Anders** Brief at 4-6. Additionally, the **Anders** brief refers to two claims that could arguably support the appeal, and counsel states her conclusion that the issues are wholly frivolous. **Anders** Brief at 8-14. Accordingly, counsel has complied with the minimum requirements of **Anders**/**Santiago**, and we may review the issues presented in the **Anders** Brief and the record to determine whether the appeal is frivolous.

In this appeal, Smith claims that the trial court erred in revoking his probation, and imposing a sentence of total confinement. **Anders** Brief at

9-12. In its Opinion, the trial court addressed this claim and concluded that it lacks merit. Trial Court Opinion, 9/30/14, at 5-8. We agree with the sound reasoning of the trial court, and affirm on this basis with respect to Smith's first claim. **See id.** We further agree with counsel's assessment that the claim is frivolous, given Smith's history of probation violations. **See Anders** Brief at 14.

Smith also challenges his sentence as illegal. **Anders** Brief at 12. However, we agree with the assessment of Smith's counsel that such claim is without merit and frivolous. "[W]here probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor." **Commonwealth v. Partee**, 86 A.3d 245, 249 (Pa. Super. 2014). Further, as counsel concedes in the **Anders** brief, the sentence does not exceed the statutory limits. **See Anders** Brief at 13 n.2.

Finally, our independent review discloses no other non-frivolous issues that could be raised on appeal by Smith. We therefore grant counsel's Petition to Withdraw and affirm Smith's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

J-S14035-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015

## IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH                     :        CP-51-CR-1207251-1998
                                          CP-51-CR-0408221-1999
CP-51-CR-1207251-1998 Comm. v. Smith, Damien
          Opinion                :    FILED

vs.                                       OCT 0 1 2014
          7205518761                  Criminal Appeals Unit
                                      rst Judicial District of PA

DAMIEN SMITH                     :        SUPERIOR COURT
                                          2220 EDA 2014

                                 :

## OPINION

BRINKLEY, J.                              SEPTEMBER 30, 2014

Defendant Damien Smith appeared before this Court for a violation of probation hearing on June 26, 2014. This Court found him in direct and technical violation of his parole/probation and sentenced him to 11½ to 23 months county incarceration plus 3 years reporting probation. Defendant appealed this sentence and raised the following issues on appeal: (1) whether this Court properly sentenced him to a term of total confinement; and (2) whether the sentence imposed was excessive.

### FACTS AND PROCEDURAL HISTORY

On March 18, 1998, Defendant was arrested and charged with possession with intent to deliver (PWID). On May 5, 2003, Defendant pled guilty and was sentenced by the Honorable Annette Rizzo to 11½ to 23 months incarceration plus 2 years probation. On December 9, 1998, Defendant was arrested and charged with PWID and knowing and intentional possession of a controlled substance (K&I). On October 14, 2003, Defendant was tried and found guilty of both charges and sentenced by the Honorable Lisa Richette to time served to 23½ months

1

incarceration plus 2 years reporting probation on each charge, to run consecutively. Defendant was granted immediate parole.

On May 18, 2004, Defendant was arrested and charged with theft, forgery and unlawful use of a computer. These charges were subsequently withdrawn on August 25, 2008. In September 2004, Defendant absconded from supervision and his whereabouts remained unknown for the next four years until February 1, 2008 when he was arrested and transferred to Montgomery County. On September 11, 2008, Judge Rizzo held a VOP hearing, found him in violation and sentenced Defendant to 11½ to 23 months incarceration plus 1 year reporting probation. On November 6, 2008, this Court[1] held a VOP hearing, at which time Defendant was found to be in technical violation of his parole. Parole was terminated and parole was revoked. Defendant was sentenced to 11½ to 23 months county incarceration plus 1 year reporting probation to run concurrently with any other sentence imposed.

On August 10, 2009, Defendant was paroled to Maryland authorities. On November 22, 2009, only 3½ months after being paroled, Defendant was arrested and charged with K&I and possession of marijuana. Defendant subsequently tested positive for marijuana on December 2, 2009, December 14, 2009, January 26, 2010 and March 16, 2010. Defendant ceased reporting to the Probation Department on June 15, 2010. On October 13, 2010, Defendant failed to appear for a court date and a bench warrant was issued for his arrest. Once again, Defendant's whereabouts remained unknown until he was arrested on probation warrants nearly four years later on May 31, 2014. On June 16, 2014, the Honorable Thomas Gehret of Municipal Court found Defendant guilty on the possession of marijuana charge and imposed no further penalty.

---

[1] On August 25, 2008, Judge Richette's case was re-assigned to this Court.

2

On June 26, 2014, this Court held a VOP hearing[2]. Defendant was represented at the hearing by Alexandra Fensterer, Esquire, while the Commonwealth was represented by Kirk Handrich, Esquire. After this Court reviewed Defendant's criminal history, Ms. Fensterer requested that this Court impose "either a short county sentence or something that would allow him to bring Your Honor proof that he is working to pay off his fines and costs." While acknowledging that Defendant had been on absconder status since 2010, Ms. Fensterer drew attention to the fact that he had not incurred any new arrests during that time period and was employed. (N.T. 6/26/2014 p. 6-8).

Mr. Handrich, on behalf of the Commonwealth, stated that he was concerned that Defendant had been on absconder status for the previous four years, without supervision, and therefore there was no way of knowing what Defendant was doing during that time period. Mr. Handrich stated that Defendant made the conscious choice to remove himself from the Court's supervision and that choice ultimately brought him back to this Court. Ultimately, the Commonwealth deferred to this Court's discretion in sentencing. Id. at 9.

Defendant next spoke on his own behalf. First, he apologized to this Court "for not following the procedures." He then stated that his work schedule had made it difficult for him to report to probation, but he did try to arrange suitable dates to meet with his probation officer. Defendant stated that he presently owned his own photography company, "Smile For Me Photos," and he had operated that company for the last four years. Defendant claimed that his K&I charge was a bogus case, because he was not in possession of marijuana, and he planned to appeal the guilty verdict. Defendant stated he wanted to put the present case behind him so that he could be productive and take care of his family. He promised that if he was given "a second chance" that he would never abscond from supervision again. Defendant stated that his father

---

[2] On August 16, 2010, Judge Rizzo's case was re-assigned to this Court and consolidated with Judge Richette's case.

3

recently suffered a stroke and needed Defendant to care for him. Furthermore, Defendant was due to become a father himself in six months. Defendant stated that he would be willing to report two times a month. He further claimed that he had received his G.E.D. from a library in Norristown, but did not provide any documentation. Id. at 10-14.

This Court found Defendant in direct and technical violation of his parole/probation and sentenced him to 11½ to 23 months county incarceration plus 3 years reporting probation, to run concurrently on both Judge Richette and Judge Rizzo's cases. This Court stipulated that he serve his sentence at Hoffman Hall and ordered him to complete drug treatment, parenting classes, anger management treatment, to undergo random urinalyses and report two times a month while on probation. In imposing this sentence, this Court noted that Defendant had thumbed his nose at three separate judges by failing to comply with the terms of his probation and by absconding twice for substantial periods of time. Defendant then asked this Court whether it would be possible for him to receive early parole, and this Court informed Defendant that the only way he would be able to get out early would be to fully comply with the conditions of his sentence while at Hoffman Hall. Id. at 16-19.

On July 1, 2014, Defendant filed a motion through counsel to reconsider sentence[3]. On July 28, 2014, Defendant appealed his sentence to Superior Court. On August 13, 2014, Defendant was ordered to file a Concise Statement of Errors Pursuant to Pa.R.A.P. 1925(b), and defense counsel did so on September 3, 2014.

## ISSUES

I.  **WHETHER THE VOP COURT PROPERLY SENTENCED DEFENDANT TO A TERM OF TOTAL CONFINEMENT.**

II. **WHETHER THE SENTENCE IMPOSED BY THE VOP COURT WAS EXCESSIVE.**

---

[3] Defendant then filed his notice of appeal to Superior Court prior to this motion being ruled upon.

## DISCUSSION

I.     THE VOP COURT PROPERLY SENTENCED DEFENDANT TO A TERM OF TOTAL CONFINEMENT.

This Court properly sentenced Defendant to 11½ to 23 months county incarceration in conformity with the standards set forth in 42 Pa.C.S.A. §9771(c). Under Pennsylvania law, sentencing is a "matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Ferguson, 2006 PA Super. 18, 893 A.2d 735, 739 (2006) (quoting Commonwealth v. Hyland, 2005 PA Super. 199, 875 A.2d 1175, 1184 (2005)). An abuse of discretion requires more than the showing of a mere error in judgment; rather, an appellant must demonstrate that the trial court was "manifestly unreasonable" or exercised judgment that was the result of "partiality, prejudice, bias, or ill-will." Commonwealth v. Griffin, 2002 PA Super. 203, 804 A.2d 1, 7 (2002).

When considering an appeal from a sentence imposed after the revocation of probation or parole, appellate review is limited to the determination of "the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing." Commonwealth v. MacGregor, 2006 PA Super. 336, 2006 Pa. Super. LEXIS 4088, 3 (2006) (citing 42 Pa.C.S. § 9771(c)); Commonwealth v. Gheen, 455 Pa. Super. 499, 688 A.2d 1206, 1207 (1997)). The sentencing court is limited only by the maximum sentence it could have imposed at the time of the original sentencing. Id. Pursuant to 204 Pa. Code 303.1(b), sentencing guidelines do not apply to sentences imposed as a result of revocation of probation, intermediate punishment or parole. Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not

5

Once probation or parole has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); Commonwealth v. Coolbaugh, 2001 PA Super. 77, 770 A.2d 788, 792 (2001).

In the case at bar, a sentence of total confinement was appropriate because Defendant was convicted of another crime and the sentence was necessary to vindicate the authority of the Court. Defendant had been out on probation twice previously, and both times he quickly absconded from supervision. In total, Defendant was in absconding status for almost eight years and at no point during that time did he even attempt to remedy this status. Furthermore, during the brief period Defendant was reporting to probation, he failed to comply with the terms of his probation. He did not receive his G.E.D. when he was ordered to do so and he tested positive for marijuana on multiple occasions. In addition, Defendant committed additional crimes and then failed to appear in court for his 2009 drug possession charge. Consequently, there was a bench warrant issued for his arrest, and over the next four years he took no steps to rectify his situation. On June 16, 2014, once Defendant finally appeared for his 2009 drug possession charge, he was found guilty. The record therefore shows that Defendant had a lengthy and habitual history of defying the authority of not only this Court but every court in Philadelphia that he appeared before since his first arrest in 1998. Indeed, this Court stated at Defendant's sentencing, "you basically thumbed your nose at two other judges, well, three of us, three female judges, Judge Rizzo, Judge Richette and me. That's basically what you did." (N.T. 6/26/2014 p. 21). If Defendant was not sentenced to confinement at the present hearing, there is every indication that he once again would abscond from supervision and defy the authority of this Court. Thus, a

6

manifestly excessive so as to inflict too severe a punishment'." Mouzon, 812 A.2d at 624-625 (quoting Commonwealth v. Person, 450 Pa. 1, 297 A.2d 460 (1972)). In addition, a sentence will not be disturbed unless the appellate court determines that the sentence is "unreasonable." Reasonableness is determined by examining the four statutory factors set forth in 42 Pa. C.S.A. § 9781(d) as well as the general sentencing standards outlined in 42 Pa. C.S.A. § 9721(b). Commonwealth v. Walls, 592 Pa. 557, 571, 926 A.2d 957, 965 (2007). 42 Pa. C.S.A. § 9781(d) requires that the appellate court consider: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission." 42 Pa. C.S.A. § 9721(b) requires consideration of the protection of the public, the gravity of the offense in relation to the impact on the victim and the community and the rehabilitative needs of the defendant. There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

The sentence imposed by this Court of 11½ to 23 months county incarceration was not excessive, but was necessary to foster Defendant's rehabilitation. As this Court noted, Defendant had a balance of 7 years left on each of his charges. (N.T. 6/26/2014 p. 18). Therefore, the terms imposed of 11 ½ to 23 months county incarceration, to run concurrently with each other, were well within the sentencing authority of this Court. Furthermore, the sentence imposed was reasonable in light of Defendant's rehabilitative needs. During his previous times on probation and parole, Defendant failed to comply with the terms imposed by the Court before absconding twice for lengthy periods of time. While Defendant claimed to have received his G.E.D., he did not offer any proof. In addition, Defendant was in direct violation of

7

his parole after being arrested and convicted of a new drug offense. Not only did Defendant incur a new conviction for using drugs, but he continued to use marijuana even after being arrested for possessing it and tested positive for marijuana on four separate occasions after his arrest date. Defendant's conduct showed that he had a drug abuse problem, and his persistence in using marijuana even after his arrest showed that he was unwilling or unable to address his problem on his own. In consideration of Defendant's rehabilitative needs, this Court stipulated him to serve his sentence at Hoffman Hall and ordered him to complete drug treatment, parenting classes and anger management treatment while incarcerated there. This Court noted that Hoffman Hall had strict rules about compliance with the programs Defendant was ordered to take while incarcerated. Furthermore, this Court noted that Defendant was Recidivism Risk Reduction Incentive (RRRI) eligible and therefore, if Defendant completed the programs designed to foster his rehabilitation, he would be able to leave Hoffman Hall sooner. In consideration of Defendant's prior history of failing to comply with the terms and conditions of his prior sentences, as well as the direct violation of his parole, the sentence imposed by this Court was reasonable in order to further Defendant's rehabilitation.

## CONCLUSION

After a review of the applicable statutes, case law and testimony, this Court committed no error. This Court properly found Defendant in direct and technical violation of his probation and sentenced him to 11½ to 23 months county incarceration. The sentence of total confinement imposed by this Court was compliant with the factors set forth in 42 Pa.C.S.A. §9771(c) and was not excessive. Therefore, this Court's decision should be upheld on appeal.

BY THE COURT:

_____ J.

9